Case 18-23979-GLT    Doc 109    Filed 01/29/19    Entered 01/29/19 12:11:28    Desc Main
Document      Page 1 of 1

FILED
1/29/19 10:20 am
CLERK
U.S. BANKRUPTCY
COURT - WDPA

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | ) **Bankruptcy No.** 18-23979-GLT |
| Lawson Nursing Home, Inc., | ) **Chapter** 11 |
| **Debtor,** | ) |
| Lawson Nursing Home, Inc., | ) **Hearing Date:** 02/07/19 @ 10:30 a.m. |
| **Movant,** | ) **Response Due:** 01/28/19 |
| vs. | ) |
| No Respondent. | ) Related to Docket No. 87 |

## ORDER EMPLOYING PROFESSIONAL FOR LAWSON NURSING HOME, INC.

*AND NOW,* this 29th day of January 2019, upon consideration of the *Motion for Approval of* (*Motion To Employ Accountant*), it is *ORDERED, ADJUDGED and DECREED* as follows:

(1)    *Marlene Roach, Accounting Solutions, 334 Front Street, Houston, PA 15342* is/are hereby appointed as *Accountant for Lawson Nursing Home, Inc.* in this bankruptcy proceeding for the reasons set forth in the *Motion,* as of the date of filing the *Motion*.

(2)    Professional persons or entities performing services in the above case are advised that approval of fees for professional services will be based not only on the amount involved and the results accomplished, but other factors as well, including: the time and labor reasonably required by the Professional to perform, the novelty and difficulty of the issues presented, the skill requisite to perform the service properly, the preclusion of other employment due to acceptance of this case, the customary fee for similar services, the time limitations imposed by the client or the circumstances encountered while performing the services, the experience, reputation and ability of the Professional(s) involved, the undesirability of the case, the nature and length of the professional relationship with the client, and, awards in similar cases.

(3)    Approval of any motion for appointment of a professional in which certain fees are requested for various identified professionals is not an agreement by the Court to allow such fees at the requested hourly rates, and is not a preapproval of compensation pursuant to *11 U.S.C. §328(a)*. Final compensation awarded only after notice and hearing, may be more or less than the requested hourly rates based on application of the above-mentioned factors in granting approval by Court Order. *Any retainer paid to the Professional is unaffected by this Order and remains property of the Estate until further order of Court.*

(4)    Notwithstanding anything to the contrary in the letter of engagement or agreement between Movant and the Professional, this *Order* does not authorize the Professional to retain or pay any outside counsel or other professional to assist the Professional in this matter unless such is done at no expense to Movant, directly or indirectly. Any other retention of, and payment to, an outside counsel or other professional is subject to prior approval of the Court.

*(5)    Movant shall serve the within Order on all interested parties and file a certificate of service.*

_____
Honorable Gregory L. Taddonio
United States Bankruptcy Court

dms

**ENTERED BY DEFAULT**