## IN THE UNTIED STATES BANKRUPTCY COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| LAWSON NURSING HOME, INC., .,[1] | ) | Bankruptcy Case No. 18-23979-GLT |
| | ) | |
| Debtor. | ) | Chapter 11 |
| | ) | |
| | ) | |
| _____ | ) | |
| | ) | Related Docket No.: 242 |
| WILLIAM G. KRIEGER, Chapter 11 | ) | |
| Trustee of Lawson Nursing Home, Inc., | ) | |
| | ) | Hearing Date & Time: September 27, 2019 |
| Movant, | ) | at 10:00 a.m. (prevailing Eastern Time) |
| | ) | |
| v. | ) | Response Date: September 20, 2019 |
| | ) | by 4:00 p.m. (prevailing Eastern Time) |
| THE HUNTINGTON NATIONAL BANK, | ) | |
| ALLEGHENY COUNTY TREASURER, | ) | |
| BFS CAPITAL, BRIDGEPORT CAPITAL | ) | |
| FUNDING, LLC, PENNSYLVANIA | ) | |
| DEPARTMENT OF REVENUE, WEST | ) | |
| JEFFERSON HILLS SCHOOL DISTRICT, | ) | |
| EVEREST BUSINESS FUNDING, | ) | |
| ATLAS ACQUISITION, LLC, | ) | |
| JOHNSON PHARMACEUTICAL | ) | |
| SERVICES, INC., JEFFERSON HILLS | ) | |
| BOROUGH, BANK DIRECT | ) | |
| CAPTIAL FINANCE, PENNSYLVANIA | ) | |
| DEPARTMENT OF HUMAN SERVICES, | ) | |
| PENNSYLVANIA DEPARTMENT OF | ) | |
| HEALTH, INTERNAL REVENUE | ) | |
| SERVICE, COFACTOR, LLC, | ) | |
| ACCELERATED CARE PLUS LEASING | ) | |
| INC., RICOH USA INC., and THE OFFICE | ) | |
| OFFICE OF THE UNITED STATES | ) | |
| TRUTSEE, | ) | |
| | ) | |
| Respondents. | ) | |

---

[1] The Debtor in this case along with the last four digits of its federal tax identification number is Lawson Nursing Home, Inc. (5754)

### MOTION FOR AN ORDER (A) AUTHORIZING THE SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND INTRESTS

William G. Krieger, the Chapter 11 Trustee of Lawson Nursing Home, Inc. (the "Chapter 11 Trustee" or "Mr. Krieger"), hereby files this Motion for an Order (A) Authorizing the Sale of Substantially All of the Debtor's Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests (the "Sale Motion") respectfully representing as follows[2]:

### JURISDICTION

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.      Venue of this case is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicates for the relief requested herein are 11 U.S.C. §§ 105, 363, 365, and 506(c) of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure Rules 2002, 6004, and 6006, and the Local Rule of Bankruptcy Procedure 6004-1.

### BACKGROUND

4.      On October 10, 2018 (the "Petition Date"), Lawson Nursing Home, Inc. (the "Debtor") filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 101, *et seq*. (the "Bankruptcy Code") in the United States Bankruptcy Court for the Western District of Pennsylvania (the "Bankruptcy Court") at the above-captioned case number (the "Bankruptcy Case").

5.      No committee was appointed in the Bankruptcy Case.

---

[2] Capitalized terms not otherwise defined in this Sale Motion shall have the meanings given to them in the Bid Procedures Order and Bid Procedures, whichever is applicable.

6.      The Debtor owns certain real property located at 540 Coal Valley Road #2, Jefferson Hills, Pennsylvania 15025 bearing tax parcel identification number 560-E-150 (the "Real Property").  The Debtor owns and operates a 50-bed skilled nursing care facility, which is situated on the Real Property (the "Nursing Home").

7.      The Debtor also owns all the tangible and intangible personal property used in connection with the operation of the Nursing Home (the "Personal Property" and together with the Nursing Home and Real Property the "Debtor's Assets").

8.      On June 17, 2019, the Debtor filed Motion for Entry of an Order Approving (I) Bidding Procedures for the Sale of Acquired Assets Free and Clear of Lines and Encumbrances (II) Break-Up Fee Related to the Sale of Acquired Assets Free and Clear of Lien and Encumbrances; and (III) Assumption and Assignment Procedures for Executory Contracts and Unexpired Leases [Doc. No. 242] (the "Bid Procedures Motion").

9.      On June 26, 2019, the Court entered an Order [Doc. No. 265] approving the appointment of Mr. Krieger as the Chapter 11 Trustee.

10.     On July 25, 2019, the Chapter 11 Trustee filed A proposed Order: (I) Approving Bid Procedures for the Sale of Substantially All of the Debtor's Assets; (II) Authorizing and Scheduling An Action; (III) Scheduling Hearing for Approval of the Sale of Assets Free and Clear of Liens, Claims, and Encumbrances and the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases to the Successful Bidder; (IV) Approving Certain Deadlines and the Form, Manner and Sufficiency of Notice; and (V) Granting Other Related Relief [Doc. No. ] (the "Bid Procedures Order").

## ASSETS TO BE SOLD

11.     Any Potential Bidder (as defined below) may obtain a detailed description of the Debtor's Assets through the process described herein. The Chapter 11 Trustee intends to sell substantially all of the Debtor's Assets, which include, but are not limited to certain of the Debtor's owned real property, rights to leased property, furniture, fixtures and equipment, certain leases, executory contracts, intellectual property, inventory, goodwill and general intangibles, and other tangible personal property.

12.     Pursuant to section 363 of the Bankruptcy Code and in accordance with these Bid Procedures, the Chapter 11 Trustee intends to sell the Debtor's Assets free and clear of all liens, claims, encumbrances, and interests, including but not limited to, any claims of successor liability, and the Debtor's Assets will be sold on an **"As Is, Where Is"** basis.

13.     The Chapter 11 Trustee proposes to sell the Debtor's Assets in accordance with the terms and conditions set forth in the asset purchase agreement attached hereto as **Exhibit A** (the "Form APA"), with such modifications to the Form APA as made by a potential bidder. The Chapter 11 Trustee reserves the right to modify the Form APA at any time prior to the Bid Deadline (as defined in the Bid Procedures) as is necessary to consummate a transaction and as he deems in his business judgment to be in the best interest of the Debtor's estate and its creditors.

14.     As of the Petition date, the following above-captioned Respondents to this Sale Motion have asserted liens against the Debtor's Assets[3]:

---

[3] These secured claims have not yet been independently verified by the Chapter 11 Trustee or his proposed counsel. For the purposes of this Sale Motion, the Chapter 11 Trustee is relying on the filed proofs of claim and the Debtor's schedules. The referencing of these secured claims in this Sale Motion is not an admission that these secured claims are properly filed and perfected. The Chapter 11 Trustee reserves all rights to object to these secured claims, including the validly or perfection of these security interests.

| Creditor | Date of Lien | Collateral | Scheduled Amount | Proof of Claim Amount |
|---|---|---|---|---|
| Bank Direct Capital Finance | 1/2018 | Unearned Insurance Premiums | None | $14,946.96 |
| BFS Capital | Unknown | Unknown | $257,758 (disputed) | None |
| Bridgeport Capital Funding | Unknown | Unknown | $88,000 (disputed) | None |
| County of Allegheny | 2016-2018 | Real Estate | $5,323.62 | $21,157.26 |
| Cofactor, LLC | February 2017 | Personal Property | None | None |
| Everest Business Funding. Claim Transferred to Atlas Acquisition, LLC | September 2018 | Personal Property | $85,270 (disputed) | $106,874.39 |
| Huntington National Bank | October 2014 | Substantially All Assets | $112,000 | $104,116.27 |
| Huntington National Bank | October 2014 | Substantially All Assets | $533,243 | $561,964.90 |
| Jefferson Hills Borough | 2016-2018 | Real Estate | None | $18,692.79 |
| Johnson Pharmaceutical Services, Inc. | March 2014 | Real Estate | $18,840 | $67,536.93 |
| PA Department of Revenue | 2017 | Real Estate | 852.70 | $103.13 |
| West Jefferson Hills School District | 2016-2018 | Real Estate | None | $66,962.65 |
| | | **TOTAL** | | **$962,355.28** |

15.     The following above-captioned Respondents are identified counterparties or parties in interest to contracts that will potentially be assigned:

      i.      Accelerated Care Plus Leasing, Inc.; and

     ii.      Ricoh USA, Inc.

16.     The naming of such entities as a Respondent does not constitute the Chapter 11 Trustee's or the bankruptcy estate's agreement that such entity does in fact hold a valid allowable claim or interest.  The Chapter 11 Trustee reserves the right to object to any claim or interest asserted against the Debtor's Assets.

17.     The Chapter 11 Trustee believes the best interests of the Debtor's estate and its creditors is to sell substantially all the Debtor's Assets pursuant to Section 363 of the Bankruptcy Code.  Therefore, the Chapter 11 Trustee seeks authority form the Bankruptcy Court to sell the Debtor's Assets.

18.     While several entities have express interest in purchasing the Assets, the Debtor has not yet selected a stalking horse bidder as of the date of the filing of this Sale Motion.

19.     Pursuant to the Bid Procedures Order and the Bid Procedures, the Chapter 11 Trustee has until August 28, 2019, in which to select a stalking horse bidder.

## THE SALE PROCESS

20.     The sale of substantially all of the Debtor's Assets, approval of which is sought by way of this Sale Motion shall be to the highest and best bidder at an Auction (as that term is defined in the Bid Procedures Order and related Exhibits) pursuant to the Bid Procedures Order. The Chapter 11 Trustee will determine the highest and best offer for the Debtor's Assets (the "Successful Bidder").

21.     The conduct of the sale shall be governed by the Bid Procedures Order and the bid procedures approved thereunder (the "Bid Procedures").

22.     Pursuant to the Bid Procedures Order, the sale hearing shall be conducted on September 27, 2019 at 10:00 a.m. (prevailing Eastern Time) before the Honorable Gregory L. Taddonio, United States Bankruptcy Court for the Western District of Pennsylvania, Courtroom

A, 54th Floor, U.S. Steel Tower, 600 Grant Street, Pittsburgh, PA 15219, and may be adjourned

from time to time (the "Sale Hearing").

23.     Any potential bidder may obtain a detailed description of the Debtor's Assets and

copies of the Bid Procedures Order and Bid Procedures from the Chapter 11 Trustee or his counsel,

John M. Steiner, Esq., 412-261-1600, jsteiner@leechtishman.com.

24.     The Chapter 11 Trustee proposes to sell the Debtor's Assets in accordance with the

terms and conditions of the Bid Procedures Order, the Bid Procedures and as set forth in the Form

APA, with such modifications to the Form APA as made by any potential bidder.

25.     In the event that the Chapter 11 Trustee receives more than one Qualified Bid (as

that term is defined in the Bid Procedures), the Chapter 11 Trustee will conduct an auction (the

"Auction") for the Debtor's Assets. The Auction will take place on September 26, 2019 at 10:00

a.m. (prevailing Eastern Time) at the Pittsburgh law offices of Leech Tishman Fuscaldo & Lampl,

LLC, 525 William Penn Place, 28th Floor, Pittsburgh, Pennsylvania 15219.

26.     Subject to approval by this Court, Section 506(b) of the Bankruptcy Code and the

Sale Order (defined below), the Chapter 11 Trustee proposes to pay at closing the following

secured claims of Huntington National Bank:

    a.  $634,330.11 Loan

| | | |
|---|---|---|
| Principal | $517,659.48 | |
| Interest thru 7/19/19 | $  9,736.01 | (per diem $86.13) |
| Appraisal Fee | $  3,450.00 | |
| Exit Fee | $  3,500.00 | |
| | **$534,345.49** | |

    b.  $100,000 Loan

| | | |
|---|---|---|
| Principal | $100,000.00 | |
| Interest thru 7/19/19 | $  3,217.04 | (per diem $18.05) |
| Exit Fee | $  1,500.00 | |
| Late Charges | $     199.57 | |
| | **$104,916.61** | |

c.  $200,000 Line of Credit (DIP Loan)

| | |
|---|---|
| Principal | $ 64,071.74 |
| Interest Thru 7/19/19 | $        80.98 (per diem $11.56) |
| | $  **64,152.72** |

d.  Attorney Fees Thru 6/30/2019      **$ 89,775.35**

These amounts are subject to adjustment at or prior to closing, including but not limited to,

additional lending, continuing interest attorneys' fees and costs.

## RELIEF REQUESTED

27.    The Chapter 11 Trustee respectfully requests that this Bankruptcy Court: (a)

authorize the sale of the Debtor's Assets to the Successful Bidder, free and clear of all liens, claims,

encumbrances, or other interests pursuant to Sections 363(b), 363(f), 363(m), and 365 of the

Bankruptcy Code, with such liens, claims, rights, interest, and encumbrances (collectively the

"Interests") attaching to the sale process of the Debtor's Assets with the same validity, priority,

extent, and perfection as existed prior to such sale and (c) grant such other relief as may be

necessary or appropriate.   Filed with the Sale Motion is proposed form sale order the ("Sale

Order"), which the Chapter 11 Trustee would request this Court enter at conclusion of the Sale

Hearing, as may be amended or modified by any potential bidder, Successful Bidder or the Chapter

11 Trustee prior to the Sale hearing.

28.    Section 363(b)(1) of the Bankruptcy Code states: "The trustee, after notice and a

hearing, may use, sell, or lease, other than in the ordinary course of business, property of the

estate." 11 U.S.C. § 363(b)(1).

29.    To approve the use, sale, or lease of estate property outside the ordinary course of

business, the Court must find some articulated business justification for the proposed action.   *See*

*In re Abbotts Dairies of PA. Inc*., 788 F.2d 143, 145-47 (3d Cir. 1986) (implicitly adopting the

articulated business justification and good faith tests of *Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1070 (2d Circ. 1983)). *See also In re Del. & Hudson Ry. Co.,* 124 B.R. 169, 175-76 (D, Del, 1991) (concluding the Third Circuit had adopted the "sound business purpose test" in *Abbotts Dairies*).

30.    Generally, courts examine the following four factors when determining whether a sale of the debtor's assets should be approved: (a) whether a sound business reason exists for the proposed transaction; (b) whether fair and reasonable consideration is provided; (c) whether the transaction has been negotiated in good faith; and (d) whether adequate and reasonable notice is provided. See Lionel, 722 F.2d at 1071 (setting for the sound business purpose test); *Abbotts Dairies*, 788 F.2d at 145-57 (implicitly adopting the "sound business purpose test" with the addition of the good faith requirement); D*el. & Hudson Ry*., 124 B.R. at 176.

31.    In this Bankruptcy Case, the sale of the Debtor's Assets serves a sound business purpose. The sale is designed to preserve the value of the Debtor's Assets. The sale of the Debtor's Assets as a going concern will preserve the Debtor's business value and will return a greater benefit to the Debtor's estate than the alternatives of selling the Debtor's Assets at a future date, in a piecemeal fashion, or through a liquidation after the closing of the Debtor's business.

32.    The Chapter 11 Trustee submits that the sale of the Debtor's assets at an auction as a going concern is the best choice available for the bankruptcy estate and is supported by a sound business reason.

33.    The Debtor's Assets will be auctioned for the highest and best price. Therefore, the consideration provided for the sale of the Debtor's Assets will be both fair and reasonable.

34.    The fairness and reasonableness of the consideration ultimately to be paid by the Successful Bidder for the Debtor's Assets is demonstrated by a fair, reasonable, and competitive

sale process as set forth in the Amended Bid Procedures Order, culminating in a sale to the Successful Bidder at the Auction, which should result in the highest and best offer for the Debtor's Assets. Therefore, the purchase price obtained after the completion of the sale process is fair, reasonable, and supported by sound business reasons.

35.     The asset purchase agreement between the Chapter 11 Trustee and the Successful Bidder will be the product of good faith and arm's length negotiations because it will be the result of an auction considering all higher and better offers and the product of a Bankruptcy Court sanctioned process.

36.     No prejudice will result to any parties in interest because the sale will be noticed in accordance with notice provisions established by the Bankruptcy Rules, the Local Rules, and/or as provided in the Bid Procedures Order. Such notice has: (a) afforded all creditors and parties in interest with adequate and reasonable notice of the sale; (b) provided sufficient information regarding the sale of the Debtor's Assets and the time for filing objections to the sale; and (c) met the requirements of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and legal due process.

37.     Pursuant to Section 363(f) of the Bankruptcy Code:

The trustee may sell property under . . . this section free and clear of any interest in such property of an entity other than the estate, only if –

(1)     applicable nonbankruptcy law permits sale of such property free and clear of such interest;
(2)     such entity consents;
(3)     such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
(4)     such interest is in bona fide dispute; or
(5)     such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f).

10

38.     The term interest as used in Section 363(f) is not defined in the Bankruptcy Code. *See Folger Adam Security v. DeMatteis/MacGregor, JV*, 209 F.3d 252, 258 (3d Cir. 2000). *In Folger Adam Security*, the Third Circuit addressed the scope of the term "any interest" in Section 363(f) of the Bankruptcy Cocde and observed that, while "some courts have narrowly interpreted that phrase to mean only *in rem* interests in property . . . the trend seems to be toward a broader interpretation, which includes other obligation that may flow from ownership of the property." *Id*. at 258. As the Fourth Circuit determined, Section 363(f) is not limited to *in rem* interests. *See In re Leckie Smokeless Coal Co*., 99 F.3d 573, 581-82 (4th Cir. 1996). Therefore, a debtor could sell [its] assets under 363(f) free and clear of successor liability that otherwise would have arisen under federal statute." *Id*. at 581-82; *see also In re Appalachia Fuels, LLC*, 503 F.3d 538, (6th Cir. 2007); *In re Ormet Corp*., 2014 WL 3542133 (Bankr. D. Del. July 17, 2014).

39.     Section 363(f) is drafted in the disjunctive. Thus, satisfaction of any of the requirements enumerated in that Section will suffice to allow the sale of the Debtor's' Assets free and clear of all Interests, except with respect to any Interests that constitute assumed liabilities (collectively the "<u>Assumed Liabilities</u>") pursuant to a Successful Bidder's asset purchase agreement. *See Citicorp. Homeowners Servs., Inc. v. Elliot (In re Elliot)*, 94 B.R. 343, 345 (E.D. Pa. 1988).

40.     The Chapter 11 Trustee submits that each Interest that is not one of the Assumed Liabilities satisfies at least one of the give conditions set forth in Section 363(f) of the Bankruptcy Code, and that any such Interest will be adequately protected by either being paid in full at the time of closing or attaching to the proceeds of the sale, subject to any claims and defenses that may be asserted.

41.     The Chapter 11 Trustee accordingly request authority to sale the Debtor's Assets

to the Successful Bidder, free and clear of all Interests except the Assumed Liabilities, if any, under

the express terms of the Successful Bidder's asset purchase agreement substantially similar to the

Form APA, with such Interests to attach to the proceeds from the sale of the Debtor's Assets with

the same validity, extent, priority and perfection as existed immediately prior to the Sale, subject

to the following: (a) the terms of the Successful Bidder's asset purchase agreement; (b) the

proposed Sale Order; and (c) the right of the Chapter 11 Trustee to surcharge the Debtor's Assets

for the necessary and reasonable fees and expenses incurred in connection with the sale, including

any retained professionals fees and costs.  *See* 11 U.S.C. 506(c); *In re Mall at One Assocs., L.P.*

185 B.R. 981, 992 (Bankr. E.D. Pa 1995).

42.     Finally, the Chapter 11 Trustee submits that the sale should not expose the

Successful Bidder to any liability as a successor of the Debtor or the estate.  Courts have held that

the buyer of a debtor's assets pursuant to Section 363 of the Bankruptcy Code takes the property

free and clear of successor liability relating to the debtor's business.  See, e.g., In re Trans World

Airline, Inc., 322 F.3d 283, 288-90 (3d Cir. 2003); In re Leckie Smokeless Coal, Co., 99 F3d at

585; *In re Ormet Corp.*, 2014 WL 3542133 (Bankr. D. Del. July 17, 2014).

43.     Accordingly, the Bankruptcy Court should approve the sale of the Debtor's Assets

to the Successful Bidder free and clear of all Interests under Section 363(f) of the Bankruptcy

Code, including successor liability claims.  All potential claimants should be compelled to look

exclusively to the process of the sale for satisfaction of their claims.

44.     Section 363(m) of the Bankruptcy Code provides:

> The reversal or modification on appeal of an authorization under subsection
> (b) or (c) of this section of a sale or lease of property does not affect the
> validity of a sale or lease under such authorization to an entity that
> purchased or leased such property in good faith, whether or not such entity

knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

11 U.S.C. § 363(m).

45.     Section 363(n) of the Bankruptcy Code provides, among other things, that a trustee may avoid a sale under such section if the sale price was controlled by an agreement among potential bidders at the sale.  11 U.S.C. § 363(n).

46.  While the Bankruptcy Code does not define good faith, the Third Circuit has held:

> [t]he requirement that a Buyer act in good faith . . . speaks to the integrity of his conduct in the course of the sale proceedings.  Typically, the misconduct that would destroy a purchaser's good faith status at a judicial sale involves fraud, collusion, between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders.

*Abbotts Dairies*, 788 F.2d at 147 (citations omitted).

47.     In this Bankruptcy Case, the asset purchase agreement between the Chapter 11 Trustee and the Successful Bidder will be the product of good faith and free from self-dealing. The Chapter 11 Trustee intends to establish at the Sale Hearing that such asset purchase agreement was a negotiated, arms' length transaction in which the Successful Bidder has acted in good faith without any fraud or collusion of any kind.

48.     The evidence at the Sale Hearing will further establish that neither the Chapter 11 Trustee nor the Successful Bidder have engaged in any conduct that would prevent the application of Section 363(m) of the Bankruptcy Code or allow the sale to be avoided pursuant to Section 363(n) of the Bankruptcy Code.

49.     Accordingly, the Chapter 11 Trustee requests that the Court find that the Successful Bidder has purchased the Debtor's Assets in good faith as set forth in Section 363(m) of the Bankruptcy Code and are entitled to the protections of Section 363(m) of the Bankruptcy Code.

50.     Bankruptcy Rule 6004(h) provides that "an order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise."   Fed.R.Bankr. P. 6004(h).   In order to allow the immediate realization of value of the Debtor's Assets, the Debtor requests that any order graining this Motion be immediately effective and enforceable and not subject to the 14 day stay imposed by Bankruptcy Rule 6004(h).

51.     Notice of this Motion has been served on the following parties: (a) the United States Trustee for the Western District of Pennsylvania; (b) all parties known to be asserting a lien on any of the Debtor's Assets and their counsel; (c) all known counterparties to contracts and leases that may be assumed and assigned; (d) all entities known, as of the date of this Order, to have expressed an interest in bidding on the Debtor's Assets; (e) the state and local taxing authorities where the Debtor operates; (f) the Internal Revenue Service; (g) creditors listed on the creditor matrix associated with this case; (h) all entities with whom the Debtor has license and provider agreements including, the U.S. Department of Health and Human Services, the Centers for Medicare and Medicaid Services, Pennsylvania Department of Human Services, Pennsylvania Department of Health, and (i) all other parties that filed a notice of appearance and demand for service of papers in the Debtor's bankruptcy case under Bankruptcy Rule 9010(b) as of the date of entry of this Order.

52.     No prior request for the relief sought herein has been made to this Bankruptcy Court or to any other court.

WHEREFORE, the Chapter 11 Trustee requests that this Bankruptcy Court enter an order authorizing the sale of the Debtor's Assets to the Successful Bidder pursuant to the terms of the asset purchase agreement entered into between the Chapter 11 Trustee and the Successful Bidder, free and clear of all interest and granting such other and further relief as is just and proper.

Respectfully submitted,

LEECH TISHMAN FUSCALDO & LAMPL, LLC

Date: July 25, 2019                    By: /s/ *John M. Steiner*
                                          John M. Steiner, Esquire
                                          PA I.D. No. 79390
                                          jsteiner@leechtishman.com
                                          Crystal H. Thornton-Illar
                                          PA I.D. No. 93003
                                          cthornton-illar@leechtishman.com

                                          525 William Penn Place
                                          28th Floor
                                          Pittsburgh, Pennsylvania 15219
                                          (412) 261-1600

                                          *Proposed Counsel for William G. Krieger, the Chapter 11 Trustee of Lawson Nursing Home, Inc.*