FILED
9/27/19 11:39 am
CLERK
U.S. BANKRUPTCY
COURT - WDPA

# IN THE UNTIED STATES BANKRUPTCY COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ) | |
| ) | |
| LAWSON NURSING HOME, INC., .,[1] ) | Bankruptcy Case No. 18-23979-GLT |
| ) | |
| Debtor. ) | Chapter 11 |
| ) | |
| _____ ) | |
| ) | Related Docket No.: 242 & 314 |
| WILLIAM G. KRIEGER, Chapter 11 ) | |
| Trustee of Lawson Nursing Home, Inc., ) | |
| ) | Hearing Date & Time: September 27, 2019 |
| Movant, ) | at 10:00 a.m. (prevailing Eastern Time) |
| ) | |
| v. ) | Response Date: September 20, 2019 |
| ) | by 4:00 p.m. (prevailing Eastern Time) |
| THE HUNTINGTON NATIONAL BANK, ) | |
| ALLEGHENY COUNTY TREASURER, ) | |
| BFS CAPITAL, BRIDGEPORT CAPITAL ) | |
| FUNDING, LLC, PENNSYLVANIA ) | |
| DEPARTMENT OF REVENUE, WEST ) | |
| JEFFERSON HILLS SCHOOL DISTRICT, ) | |
| EVEREST BUSINESS FUNDING, ) | |
| ATLAS ACQUISITION, LLC, ) | |
| JOHNSON PHARMACEUTICAL ) | |
| SERVICES, INC., JEFFERSON HILLS ) | |
| BOROUGH, BANK DIRECT ) | |
| CAPTIAL FINANCE, PENNSYLVANIA ) | |
| DEPARTMENT OF HUMAN SERVICES, ) | |
| PENNSYLVANIA DEPARTMENT OF ) | |
| HEALTH, INTERNAL REVENUE ) | |
| SERVICE, COFACTOR, LLC, ) | |
| ACCELERATED CARE PLUS LEASING ) | |
| INC., RICOH USA INC., and THE OFFICE) | |
| OFFICE OF THE UNITED STATES ) | |
| TRUTSEE, ) | |
| ) | |
| Respondents. ) | |

---

[1] The Debtor in this case along with the last four digits of its federal tax identification number is Lawson Nursing Home, Inc. (5754)

## ORDER (A) AUTHORIZING THE SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS

Upon consideration of the Chapter 11 Trustee's Motion for an Order Authorizing the Sale of Substantially All of the Debtor's Assets Free and Clear of All Liens, Claims, and Encumbrances and Interests (the "Sale Motion")[2]; and the Court having entered the Order: (I) Approving Bid Procedures for the Sale of Substantially All of the Debtor's Assets; (II) Authorizing and Scheduling an Action; (III) Scheduling Hearing for Approval of the Sale of Assets Free and Clear of Liens, Claims, and Encumbrances to the Successful Bidder; (IV) Approving Certain Deadlines and the Form, Manner, and Sufficiency of Notice; and (V) Granting Other Related Relief [Dk.. No. 328 ] (the "Bid Procedures Order"); and the Court having held a hearing (the "Sale Hearing") on September 27, 2019 at 10:00 a.m. (Prevailing Eastern Time) to consider the Sale Motion; and the Court having found that (i) the Bankruptcy Court has jurisdiction to consider the Sale Motion in accordance with 28 U.S.C. §§ 157 and 1334; (ii) venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court having considered the Sale Motion, any supporting materials, and all responses thereto; it appearing that entry of this Order granting the relief set forth herein is in the best interests of the Debtor, the Debtor's creditors, and the bankruptcy estate; and good and sufficient cause having been shown for the requested relief;

**IT IS FURTHER FOUND AND DETERMINED THAT:**

A.  This Order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a). Notwithstanding Fed. Rules of Bankruptcy Procedure (the "Bankruptcy Rules") Rule

---

[2] All capitalized terms not otherwise defined herein shall have the meaning given to them in the Sale Motion.

6004(h), the Court expressly finds that there is no justification to delay the implementation of this Order and directs immediate entry of judgment as set forth herein.

B. There has been proper, timely, adequate, and sufficient notice of, and a reasonable opportunity to object or otherwise respond to the following: (i) the Sale Motion; (ii) entry of the Bid Procedures Order and the dates and deadlines set forth therein, including the procedures required for submission of Qualified Bids for the Debtor's Assets and for participation in the Auction by Qualified Bidders; (iii) the Sale Hearing; and the sale contemplated by the asset purchase agreement between the Chapter 11 Trustee and Jefferson Hills Holdings, LLC ("Jefferson Hills Holdings" or the "Successful Bidder") dated August 1, 2019 (the "APA"). The transaction contemplated by the APA shall be known hereinafter as the "Sale"). No further notice of, opportunity to respond or object, or other opportunity to be heard regarding the Sale Motion, the Sale Hearing, or entry of this Order need be provided to any Entity (as that term is defined in Section 101(15) of the Bankruptcy Code).

C. The Chapter 11 Trustee, his professionals, and other representatives have complied in good faith with the Bid Procedures, including providing all Potential Bidders reasonably likely to make a Qualified Bid with a reasonable opportunity to obtain the necessary due diligence information and to submit the materials required by the Bid Procedures Order by the Bid Deadline.

D. Pursuant to the Bid Procedures Order, on August 13, 2019, the Chapter 11 Trustee selected Jefferson Hills Holdings as the Stalking Horse Bidder and filed a Notice of Designation of Jefferson Hills Holdings, LLC as Stalking Horse Bidder [Dk. No. 351] (the "Notice of Designation").

E. The Notice of Designation was served upon all respondents, creditors and parties-in-interest on August 13, 2019 [Dk. No. 354].

3

  F. Pursuant to the Bid Procedures Order, Jefferson Hills Holdings was designated a Qualified Bidder.

  G. Pursuant to the Bid Procedures Order, the deadline to submit Qualified Bids was September 24, 2019, by 4:00 p.m. (Eastern Prevailing Time).

  H. The Chapter 11 Trustee did not receive any Qualified Bids by the Bid Deadline, and, therefore no Auction was held and Jefferson Hills Holdings was determined to be the Successful Bidder.

  I. The Debtor is the sole and lawful owner of and has clear and marketable title to the Debtor's Assets to be sold, including all items of personal property owned by the Debtor and identified in the APA.

  J. The Successful Bidder has offered to purchase the Debtor's Assets free and clear of all Liens (as defined below), excluding any assumed liabilities and permitted exceptions as set forth in the APA, to the fullest extent authorized pursuant to Section 363(f) of the Bankruptcy Code, with the Liens to attach to the proceeds of the Sale with the same validity and priority and to the same extent as they existed prior to the Sale. The Successful Bidder would not have entered into the APA unless the sale of the Debtor's Assets was free and clear of all Liens.

  K. The offer to purchase the Debtor's Assets made by the Successful Bidder pursuant to the terms and conditions of the APA: (i) is the highest and/or otherwise best offer obtained by the Chapter 11 Trustee for the Debtor's Assets: (ii) is for fair, adequate, and sufficient consideration and constitutes reasonably equivalent value for the Debtor's Assets; (iii) would not have been made absent the protections afforded the Successful Bidder in the Bid Procedures Order, the APA, the Bankruptcy Code, and this Order.

L.      The Chapter 11 Trustee's determination that the Sale to the Successful Bidder pursuant to the APA provides the highest and/or otherwise best offer for the Debtor's Assets and the decision to sell the Debtor's Assets to the Successful Bidder constitutes a reasonable exercise of the Chapter 11 Trustee's business judgment and is in the best interests of the Debtor, the bankruptcy estate, and its creditors. The facts and circumstances demonstrate the exigent nature of the Debtor's business situation and support the sale of the Debtor's Assets at this state of the Bankruptcy Case and outside a plan of reorganization.

M.      Each entity with a lien, claim, encumbrance, or interest in any of the Debtor's Assets to be transferred on the Closing Date has (i) consented to, or is deemed to have consented to, the Sale free and clear of such lien, claim, encumbrance or interest; (ii) could be compelled in a legal or equitable proceeding to accept a money satisfaction of such lien, claim, encumbrance, or interest; or (iii) otherwise falls within the provision of Section 363(f) of the Bankruptcy Code and has been satisfied as to all such Liens. The holders of Liens who did not object or who withdrew their objections to the Sale or the Sale Motion are deemed to have consented to the entry of this Order pursuant to Section 363(f)(2) of the Bankruptcy Code. Each holder of a Lien that did not so object is adequately protected by having its Lien, if any, attach to the net cash proceeds of the Sale attributable to the property against or in which it asserts a Lien, with the same validity and priority, and to the same extent, as existed prior to the Sale, and subject to: (i) the terms of the instruments that created such Lien; (ii) defenses that the Debtor and/or the bankruptcy estate may possess with respect thereto; and (iii) the Debtor's right to surcharge the Debtor's Assets pursuant to Section 506(c) of the Bankruptcy Code for the necessary and reasonable professional fees and expenses incurred in connection with the Sale (collectively, the "Surcharges for Professionals").

Therefore, approval of the APA and consummation of the Sale free and clear of Liens is appropriate pursuant to Section 363 (f) of the Bankruptcy Code.

N.  The Successful Bidder is not holding itself out to the public as a continuation of the Debtor. There are no common directors, shareholders, members, or other equity holders between the Successful Bidder and the Debtor. The transaction contemplated by the APA is not a consolidation, merger, or *de facto* merger of the Successful Bidder and the Debtor and/or the Debtor's bankruptcy estate. There is neither substantial continuity of enterprise between the Debtor and any Successful Bidder, nor is the Successful Bidder a mere continuation of the Debtor. The Successful Bidder does not constitute a successor to the Debtor or its bankruptcy estate.

O.  The Successful Bidder's acquisition of the Debtor's Assets shall be free and clear of any successor liability claims of any nature whatsoever to the fullest extent authorized by Section 363(f) of the Bankruptcy Code, whether know or unknown, asserted or unasserted.

P.  The transfer of the Debtor's Assets to the Successful Bidder is a legal, valid, enforceable, and effective transfer of assets and will vest in the Successful Bidder as of the Closing Date (as defined in the APA) with all right, title, and interest in and to the Debtor's Assets described in the APA, free and clear of all Liens except those expressly excluded by the Successful Bidder in the APA, if any.

Q.  The APA and the underlying transaction contemplated therein was negotiated at arm's length, without collusion, and in good faith within the meaning of Section 363(m) of the Bankruptcy Code.

R.  The Chapter 11 Trustee, the Debtor, and the Successful Bidder did not engage in any conduct that would allow the APA to be set aside pursuant to Section 363(n) of the Bankruptcy Code.

S.  The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.

T.  To the extent any findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

**IT IS HEREBY ORDERED THAT:**

1.  The Sale Motion is **GRANTED** as set forth herein;

2.  All objections and responses to the Sale Motion that have not been withdrawn, waived, settled, or otherwise resolved, and all reservations of rights included therein, are hereby overruled and **DENIED**.

3.  The Sale of the Debtor's Assets to the Successful Bidder under the APA, attached to this Order as Exhibit A, constitutes a transfer for reasonably equivalent value and fair consideration. The Sale of the Debtor's Assets to the Successful Bidder is a legal, valid, enforceable, and effective transfer of the Debtor's Assets.

4.  Neither the Successful Bidder nor its affiliates, successor, or assigns shall, as a result of the consummation of the transaction set forth in the APA (i) be a successor to the Debtor or the Debtor's bankruptcy estate; (ii) have, *de facto* or otherwise, merged consolidated with or into the Debtor or the Debtor's bankruptcy estate; (iii) be a continuation or substantial continuation of the Debtor or any enterprise of the Debtor; or (iv) be a joint employer or co-employer with, or successor employer of the Debtor.

5.  The Successful Bidder shall not assume, nor be deemed to assume responsibility for any liability or obligation of the Debtor and/or its bankruptcy estate.

6.  Pursuant to Sections 105 and 363(b) and (f) of the Bankruptcy Code, title to the Debtor's Assets shall pass to the Successful Bidders on the Closing Date, free and clear of any and all Liens, (including mechanic's, materialmen's and other consensual and nonconsensual liens and statutory liens), security interest, encumbrances and claims (including, but not limited to any "claim" as defined in Section 101(5) of the Bankruptcy Code), reclamation claims, mortgages, deeds of trust, pledges, any liabilities or obligations under any State or Federal WARN Act or similar law, any liabilities or obligations under COBRA, covenants, restrictions, hypothecations, charges, indentures, loan agreements, instruments, contracts, leases, licenses, options, rights of first refusal, rights of offset, recoupment, rights of recovery, judgments, orders and decrees of any court of foreign or domestic governmental entity, claims for reimbursement, contribution, indemnity or exoneration, assignment, debts, charges, suits, rights of recovery, interests, products liability, alter-ego, successor liability, environmental claims, tax liabilities, causes of action and/or claims, and any other liabilities to the fullest extent of the law, in each case whether secured or unsecured, choate or inchoate, filed or unfiled, scheduled or unscheduled, noticed or unnoticed, recorded or unrecorded, perfected or unperfected, allowed or disallowed, contingent or noncontingent, liquidated or unliquidated, matured or unmatured, material or non-material, disputed or undisputed, known or unknown, whether arising prior to, on or subsequent to the Petition Date, whether imposed by agreement, understanding, law equity or otherwise (collectively the "Liens") with all such Liens upon the Debtor's Assets to be unconditionally released, discharged, and terminated as against either the Debtor's Assets or the Successful Bidders; provided however that any assumed liabilities as set forth in the APA, if any, shall be excluded from the definition of Liens.

7. Any such Liens shall attach to the proceeds of the sale of the Debtor's Assets with the same priority, validity, force and effect (if any) as existed with respect to the Debtor's Assets as of the Petition Date and shall be paid from the proceeds of the Debtor's Assets net of the customary closing expenses and after payment of the Surcharges for Professionals, if applicable and necessary, in an amount to be determined by further order of this Court..

8. Subject to Section 506(b) of the Bankruptcy Code and this Order, the Chapter 11 Trustee is authorized to pay at closing the following secured claims of:

    a. Huntington National Bank:

        i. $634,330.11 Loan

| | |
|---|---|
| Principal | $517,659.48 |
| Interest thru 9/26/19 | $ 15,420.77 (per diem $86.13) |
| Appraisal Fee | $ 6,450.00 |
| Exit Fee | $ 3,500.00 |
| | **$543,030.25** |

        ii. $100,000 Loan

| | |
|---|---|
| Principal | $100,000.00 |
| Interest thru 9/26/19 | $ 4,419.13 (per diem $16.66) |
| Filing Fee | $ 20.75 |
| Exit Fee | $ 1,500.00 |
| Late Charges | $ 199.57 |
| | **$106,139.45** |

        iii. $200,000 Line of Credit (DIP Loan)

| | |
|---|---|
| Principal | $184,071.74 |
| Interest Thru 9/26/19 | $ 1,404.37 (per diem $30.67) |
| | $ 185,476.11 |

        iv. Attorney Fees Thru 9/25/19    **$ 119,595.80**

    b. Johnson's Pharmaceutical Services, Inc.:

        i. Judgment    $67,536.93

    c. Commonwealth of PA Dept. of Rev.:

        i. Judgment                  $852.70

    d. County of Allegheny:

        i. Municipal Liens        $15,970.86

These amounts are subject to adjustment at or prior to closing, including but not limited to, additional lending, continuing interest attorneys' fees and costs.

Further, the Chapter 11 Trustee is authorized, but not required, to pay those costs and expenses customarily paid at closing on real estate transactions, including but not limited to, town, county and school taxes, water, sewer and other similar expenses. The Chapter 11 Trustee shall file a report of the Sale in accordance with Local Rule 6004-1(c)(4) within seven (7) days of the Closing Date (defined below).

Further, at closing, the Chapter 11 Trustee is authorized to pay those post-petition administrative expenses owed to Trilogy Mission RX, LLC d/b/a Pharmacy Care Advocates a/k/a PCA Mission Pharmacy, Pennsylvania American Water Company and A/B Nursing Home Self Insurance Trust Fund for Workers' Compensation as set forth in and consistent with the Stipulations and/or Consent Orders entered by this Court at Docket Nos. 311, 381, 392.

9.     To the extent any third parties have possession or control over any of the Debtor's Assets, those third parties are hereby directed to turnover and deliver such assets to the Successful Bidder.

10.     The provisions of this Order authorizing the Sale of the Debtor's Assets free and clear of Liens shall be self-executing. Neither the Chapter 11 Trustee, the Debtor, nor the Successful Bidder shall be required to execute or file release, termination statements, assignments, consents, or any other instrument to effectuate, consummate, and implement the provisions of this

Order; provided however that this paragraph shall not excuse such parties from performing all of their obligations under this Order or the APA. All Entities (a) holding Liens on the Debtor's Assets, (b) that have filed financing statements, mortgages, or other documents or instruments evidencing their claims against the Debtor's Assets, or (c) otherwise assert claims against the Debtor's Assets shall, and hereby are directed to, execute and deliver to the Successful Bidder releases or termination statements to effectuate the Sale of the Debtor's Assets to the Successful Bidder free and clear of any and all Liens.

11. The Successful Bidder's offer for the Debtor's Assets as set forth in the APA are the highest and best offer for the Debtor's Assets. The Sale of the Debtor's Assets t to the Successful Bidder is hereby approved. The Chapter 11 Trustee is authorized to consummate and perform any and all obligations under the APA and to execute any required documents and take any other necessary and/or appropriate actions to effectuate the APA.

12. For the avoidance of doubt, the Chapter 11 Trustee and the Successful Bidder may make non-material changes to the APA up to the Closing Date to fix typographical or other minor errors or omissions, provided that the Chapter 11 Trustee files a copy of the final executed APA in the Chapter 11 Case if any modifications are made to the APA following entry of this Order.

13. Pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code, the sale of the Debtor's Assets to the Successful Bidder pursuant to the APA are authorized and approved in all respects. Nothing contained in any chapter 11 plan confirmed in the Debtor's Bankruptcy Case or the order confirming any chapter 11 plan, nor any order dismissing or converting the Bankruptcy Code shall conflict with or derogate from the provisions of the APA, any document executed in connection therewith, or the terms of this Order.

14. The terms of this Order shall be binding on the Successful Bidder and its successors, assigns, the Debtor, creditors of the Debtor, and on all other parties in interest in this Bankruptcy Case.

15. The Successful Bidder are good faith purchasers entitled to the benefits and protections of Section 363(m) of the Bankruptcy Code.

16. This Order shall be the sole and sufficient evidence of the transfer of title of the Debtor's Assets to the Successful Bidder. The Sale consummated pursuant to this Order shall be binding upon and shall govern the acts of all Entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the property transferred pursuant to this Order, including without limitation, all filing agents, filing officers, title agents, title companies, recorder of mortgages, recorders of deeds, administrative agencies, governmental departments, secretaries of state, and federal, state, and local official, and each of such persons and entities is hereby directed to accept this Order as sole and sufficient evidence of such transfer of title and shall rely upon this Order in consummating the transactions contemplated hereby.

17. Pursuant to Section 105 of the Bankruptcy Code, creditors of the Debtor are prohibited from taking any actions against the Successful Bidder or the Debtor's Assets; provided, however, that nothing in this paragraph shall prevent any party from seeking to enforce any rights and obligations under the APA.

18. Except as may otherwise be provided in this Order or in the APA, the transfer of the Debtor's Assts does not and will not subject the Successful Bidder and/or its affiliates, designees, assignees, successors, or any of their properties, agents, officers, directors, members,

employees, or equity holders (together with the Successful Bidder, the "Successful Bidder Entities") to any liability by reason of such transfers and assignments under the laws of the United States, any state, territory, or possession thereof, in whole or in part, directly or indirectly, on any theory of law or equity, including, without limitation, any theory of successor or transferee liability. All Entities are hereby forever barred, estopped, and permanently enjoined from asserting any such Liens against the Successful Bidder Entities.

19. Entities asserting Liens and contract rights against the Debtor and/or any of the Debtor's Assets are hereby permanently enjoined and precluded as of the Closing Date, with respect to such Liens, from: (i) asserting, commencing, or continuing in any manner any action against the Successful Bidder Entities or against any Successful Bidder Entities assets or properties, including without limitation the Debtor's Assets; (ii) the enforcement, attachment, collection, or recovery, by any manner or means, of any judgment, award, decree, or order against the Successful Bidder Entities or any properties of the Successful Bidder Entities, including but not limited to the Debtor's Assets; (iii) creating, perfecting, or enforcing any encumbrance of any kind against the Successful Bidder Entities or any proprieties, including the Debtor's Assets; (iv) asserting any setoff, right of subrogation, or recoupment of any kind against any obligation due the Successful Bidder Entities; and (v) taking any action, in any manner, in any place whatsoever, that does not conform to or comply with the provision set forth in this Order or the APA.

20. Notwithstanding the provisions of paragraphs 18 and 19 above:

    a. The United States does not waive any claims, liabilities, rights, defense or causes of action it may have under applicable non-bankruptcy law, including without limitation, all rights, claims and defenses of and to setoff and recoupment under non-bankruptcy law and Bankruptcy Code section 553, and all such claims liabilities, rights, defenses, and causes of action are hereby preserved; and (ii) the United States' police and

regulatory power against the Debtors, the successful bidder and any non-debtor party are reserved;

b. Notwithstanding any provision of this Order, any other order, or any agreement related to the sale of Debtor's assets, nothing in this Order, shall be construed as authorizing the sale, transfer or assignment of any contracts with the United States or its agencies (the "Government Contracts") to the successful bidder (including, but not limited to, the Stalking Horse Bidder) free and clear of successor liability for any liability arising from such Government Contracts, nor as restricting the United States' rights of setoff and recoupment. For the avoidance of doubt, the Government Contracts shall not be sold pursuant to section 363 of the Bankruptcy Code but shall be assumed and assigned pursuant to section 365 of the Bankruptcy Code and all applicable statutes and regulations, and the Anti-Assignment Act, as applicable. Further, the cure amounts stated in the *Amended Omnibus Motion Authorizing Chapter 11 Trustee to Assume and Assign Executory Contracts* [Dkt. No. 370] are not binding on the United States, and shall not be interpreted to set a cure amount related to any Government Contract or limit successor liability with respect to any Medicare Agreement that is assumed and assigned to the successful bidder. At Closing, on account of their estimated liabilities under the Government Contracts, the successful bidder shall pay via wire transfer of immediately available funds to an account designated by the Department of Justice, on behalf of the Department of Health and Human Services or TRICARE, an amount as is agreed to by the successful bidder and the Department of Justice (on behalf of the Department of Health and Human Services or TRICARE); and

c. Notwithstanding anything in the APA to the contrary, nothing in the APA shall limit the Successful Purchaser's successor liability to CMS arising from the Debtor's participation in Medicare

14

21. The Chapter 11 Trustee and the Debtor's estate on the one hand, and the Successful Bidder Entities, on the other hand, hereby release each other from any and all claims except for claims that arise under the APA or this Order.

22. The Court retains jurisdiction to interpret, implement, and enforce all provisions of, and resolve any dispute arising under or related to, this Order, the APA, all amendments thereto, any waivers and consents thereunder, and any agreements executed in connection therewith.

23. The failure to specifically include any particular provision of the APA or any of the documents, agreements, or instruments executed in connection therewith shall not diminish or impair the force and effect of such provisions, documents, agreements, and/or instruments. The intent of the Court is that the APA and each document, agreements or instrument that is made or executed pursuant to the terms of the APA be authorized and approved in its entirety.

24. The APA and any related documents, agreement, or other instruments may be modified, amended, or suspended by the parties thereto in accordance with the terms thereof without further order of Court, provided that any such modification, amendment, or suspension does not have a material adverse effect on the Debtor's bankruptcy estate.

25. Notwithstanding anything set forth herein to the contrary, the Chapter 11 Trustee shall have the right to object to the validity, extent, and priority of any Lien.

26. The Successful Bidder shall not be deemed to be a joint employer, single employer, co-employer, or successor employer with the Debtor for any purpose under the laws of the United States, any state, territory, or possession thereof. Except as specifically set forth in the APA, the Successful Bidder shall not have any obligation to pay any past due wages, benefits, or severance pay, extend or make any benefits or benefit programs to the employees or former employees of the Debtor, including COBRA, or any similar laws or regulations.

27. The Chapter 11 Trustee is hereby authorized to (a) take any and all actions as may be reasonably necessary to consummate and implement the Sale of the Debtor's Assets to the Successful Bidder; (b) perform all obligations under the APA; and (c) execute all documents and instruments related to the Sale and the consummation thereof, without any further corporate action or order of Court.

28. To the extent there are any inconsistencies between the terms of this Order, the APA, and any prior order or pleading with respect other Sale Motion, the terms of this Order shall govern.

29. Notwithstanding the provisions of Bankruptcy Rule 6004(h) of the Bankruptcy Code, this Order shall not be stayed for 14 days after entry and shall be effective immediately upon entry. The Chapter 11 Trustee and the Successful Bidder are authorized to close on the Sale immediately upon entry of this Order.

30. Nothing in this Order shall modify or waive any closing conditions or termination rights in the APA, and all such conditions and rights shall remain in full force and effect in accordance with their terms; except that, in accordance with the APA, closing on the Sale shall occur within thirty (30) days of entry of this order (the "Closing Date") unless such Closing Date is extended by the written agreement of the Successful Bidder and the Chapter 11 Trustee.

31. The automatic stay provision of Section 362 of the Bankruptcy Code is vacated and modified to the extent necessary to implement the provisions of this Order and the terms and conditions of the APA.

Date: September 27, 2019

Prepared By: John Steiner, Crystal Thornton-Illar

BY THE COURT:

*[signature]*

The Honorable Gregory L. Taddonio
United States Bankruptcy Judge