## IN THE UNITED STATES BANKRUTPCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | ) | Case No.: 18-23979-GLT |
| | ) | |
| LAWSON NURSING HOME, INC., | ) | |
| | ) | Chapter 11 |
| Debtor. | ) | |
| | ) | Hearing Date: March 4, 2021 @ |
| | ) | 11:00 a.m. |
| | ) | |
| | ) | Response Date: n/a |
| _____ | ) | |

## STATUS REPORT DATED FEBRUARY 25, 2021

AND NOW, comes LEECH TISHMAN FUSCALDO & LAMPL, LLC, counsel to William G. Krieger, the Chapter 11 Trustee of Lawson Nursing Home, Inc. (the "Chapter 11 Trustee" or "Mr. Krieger"), and files this Status Report (the "Status Report"), respectfully stating as follows:

1.      On October 10, 2018 (the "Petition Date"), Lawson Nursing Home, Inc. (the "Debtor") filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 101, *et seq.* (the "Bankruptcy Code") in the United States Bankruptcy Court for the Western District of Pennsylvania (the "Bankruptcy Court") at the above-captioned case number (the "Bankruptcy Case").

2.      No committee was appointed in the Bankruptcy Case.

3.      On June 21, 2019, the Bankruptcy Court entered an Order directing the United States Trustee to appoint a chapter 11 trustee in this Bankruptcy Case [Doc. No. 259].

4.      On June 26, 2019, the United States Trustee filed the Application for Order Approving Appointment of Chapter 11 Trustee [Doc. No. 265] (the "Application for

1

Appointment") seeking approval of the appointment of William G. Krieger as the Chapter 11

Trustee in this Bankruptcy Case.

5.      On June 26, 2019, the Bankruptcy Court entered an Order [Doc. No. 265] granting

the Application for Appointment and approving the appointment of Mr. Krieger as the Chapter 11

Trustee.

6.      On October 28, 2019, the Chapter 11 Trustee and Jefferson Hills Holding

("Jefferson Hills") closed on the sale of substantially all the Debtor's assets.

7.      On February 11, 2021, the Bankruptcy Court entered a text order requiring the

Chapter 11 Trustee to file a status report on the status of this Bankruptcy Case and its associated

adversaries on or before February 25, 2021.

8.      The following is the status of Adversary Proceedings that have been filed in this

Bankruptcy Case:

      a.   Adversary Proceeding No.: 20-02163-GLT, *Krieger v. Trilogy Mission RX,
*LLC*.  This is the only open Adversary Proceeding.  A settlement motion under
Rule 9019 has been filed in this matter with a response date of March 11, 2021,
and a hearing date of March 18, 2021.  The Trustee anticipates the settlement
motion will be approved, the settlement will be paid, and the matter will be
closed;

      b.   Adversary Proceeding No. 20-2039, *Krieger v. Valencik,* resulted in a
settlement approved by this Bankruptcy Court and the matter has been closed;

      c.   Adversary Proceeding No. 19-2177, *Krieger v. Glaser*, was dismissed without
prejudice and has been closed;

    d.   Adversary Proceeding No. 20-2037, *Krieger v. Hrezo*, resulted in a judgement of $25,026.31 and the matter has been closed.  Judgement has been entered in Allegheny County and the Trustee is pursuing collection efforts;

    e.   Adversary Proceeding No. 20-2038, *Krieger v. Precopio*, resulted in a judgement of $25,219.68 and the matter has been closed.  Judgement has been entered in Allegheny County, and the Trustee is pursuing collection efforts; and

    f.   Adversary Proceeding No. 20-2162, *Krieger v. Glaser*, resulted in a judgement of $202,627.13 and the matter has been closed.  The Trustee is pursuing collection efforts.

9.    There is another potential claim that has been the subject of numerous tolling agreements between the Trustee and the potential defendant.  That matter has been settled, and the Chapter 11 Trustee will be filing a settlement motion seeking approval shortly.

10.    Generally, the Chapter 11 Trustee continues to work on reconciling and collecting outstanding account receivables.  The Trustee currently has $622,690 in cash.  The Chapter 11 Trustee believes that there is still outstanding approximately $175,000 in accounts receivable to be collected.  A substantial portion of the outstanding accounts receivable involve medical assistance programs, the collection of which has been delayed in large part due to the impact of the COVID-19 Pandemic on the various government agencies, including staffing, and the reconciling of said accounts.  The Chapter 11 Trustee hopes to be able to resolve payment of open accounts receivable soon, but the timing of collection is in large part contingent upon cooperation from the medical assistance agencies and Allegheny County Assistance Office.

11.    While the Debtor's accounts receivable were excluded from the sale to Jefferson Holdings, due to use of and the logistics surrounding the transfer of the Debtor's medical provider

numbers post-sale, the Debtor and Jefferson Holdings may have received payment on account receivables for past and present services rendered to patients by the Debtor or Jefferson Hills, as the case may be, that need to be reconciled. The Chapter 11 Trustee and Jefferson Hills are in the process of completing a final reconciliation of the accounts receivable. It is anticipated that the net effect of said reconciliation may result in the Debtor's estate having to pay Jefferson Hills the approximate amount of $140,132. Upon final completion of the reconciliation, the Chapter 11 Trustee intends to file a Motion with the Bankruptcy Court, requesting approval of the reconciliation in final satisfaction of any claims between the Debtor and Jefferson Hills.

12.     Finally, the Chapter 11 Trustee continues to attempt collections on accounts receivable consisting of private pay. It is anticipated that if the Chapter 11 Trustee is unable to obtain resolution on payment of some or all the outstanding accounts receivable, including medical assistance, additional adversary proceedings/actions may need to be filed to collect. If adversary proceedings are necessary to assist the Chapter 11 Trustee in his collection efforts, the Chapter 11 Trustee is unable to predict with any certainty when these claims will be resolved.

13.     The success of any Chapter 11 liquidation plan to bring this case to closure, will depend primarily on the Trustee's ability to successfully collect the outstanding accounts receivable. In line with the Chapter 11 Trustee's desire to resolve payment on accounts receivable as soon as practicable, the Chapter 11 Trustee anticipates that he will be able to file a liquidating plan (assuming successful collection on accounts receivable) by year end.

Date: February 25, 2021

LEECH TISHMAN FUSCALDO & LAMPL, LLC

By: /s/ *John M. Steiner*
John M. Steiner, Esquire
PA I.D. No. 79390
jsteiner@leechtishman.com
Crystal H. Thornton-Illar
PA I.D. No. 93003
cthornton-illar@leechtishman.com
525 William Penn Place, 28th Floor
Pittsburgh, Pennsylvania 15219
(412) 261-1600

*Counsel to William G. Krieger, the Chapter 11
Trustee of Lawson Nursing Home, Inc.*

.